UNITED PAPERWORKERS INTERNATIONAL UNION LOCAL 425 and United Paperworkers International Union, AFL–CIO, Plaintiffs,

v.

CHAMPION INTERNATIONAL CORPORATION, Defendant.

No. 4:97–CV–72–BO(3).

United States District Court, E.D. North Carolina, Eastern Division.

Jan. 15, 1998.

Joyce M. Brooks, Charlotte, NC, for plaintiff.

Gregory P. McGuire, Haynsworth, Baldwin, Johnson & Greaves, Greensboro, NC, for defendant.

## ORDER

TERRENCE WILLIAM BOYLE, Chief Judge.

This matter is before the Court on Plaintiffs' Motion to Remand to an Arbitrator and Stay Pending Remand, and the parties' cross motions for Summary Judgment. Upon consideration of the parties' arguments, Plaintiffs' Motion to Remand will be denied, and summary judgment will be granted in favor of Defendant.

## BACKGROUND

The relevant facts are not in dispute. Defendant Champion International Corporation ("Champion") operates a mill in Roanoke

Rapids, North Carolina, producing paper, liner board, and other products. The production and maintenance employees at the Champion plant are represented by the Plaintiffs Halifax Local No. 425, United Paperworkers International Union (the "Union"). Cathy Schuster ("Schuster") is a member of the bargaining unit represented by the Plaintiffs. Champion and the Union are parties to a collective bargaining agreement ("CBA") effective from July 15, 1994, through September 1, 1999.

On January 31, 1996, Schuster informed two Champion management personnel that she was quitting her employment and left the mill in the middle of her shift. Schuster later asked to retract her resignation and return to work, but Champion refused to reinstate her. Schuster filed a grievance claiming that she did not intend to quit. On October 4, 1996, an arbitration hearing regarding Schuster's grievance was held. Schuster did not testify at the hearing, and presented no evidence that she was disabled or would be unable to return to work if reinstated.

On January 11, 1997, arbitrator Lawrence T. Holden, Jr., issued an award sustaining the grievance and reinstating Schuster to employment:

> Ms. Schuster shall be re-instated forthwith to her previous job with the Company and shall be made whole for all benefits lost including back pay less outside, interim earnings, and shall not become eligible to receive the payment of such back pay until she has completed one full year of active employment following her re-instatement.

On January 24, 1997, Champion notified Schuster that she was "to report to [her] previous job assignment on Monday, January 27, 1997." On January 25, 1997, Schuster presented to Champion a letter from Nancy Alford ("Alford"), a psychologist, stating that Schuster would be unable to return to work on January 27, and for an indeterminate time after that.

On February 5, 1997, Schuster made a claim for benefits under Champion's "Temporary Disability Benefits Plan for Certain Hourly Employees of Champion International Corporation # 704." Schuster submitted with her claim a statement from Alford that Schuster was unable to work. On March 3, 1997, Howard Fields ("Fields"), Employee Relations Supervisor, notified Schuster by letter that her claim for temporary disability benefits was denied because she was not a "covered employee" as defined by the plan. The plan defines a "covered employee" as "a Full-time Regular Employee or a Part-time Regular Employee." A "Full-time Regular Employee" is an "Employee employed by the Employer on a permanent, regularly scheduled basis who works at least thirty hours a week," and a "Part-time Regular Employee" must be scheduled to work between twenty and thirty hours per week. At the time of her request for benefits, Schuster was not regularly scheduled for, nor working, any hours. Fields' letter informed Schuster that she was entitled to a review of the denial of coverage under the plan's claims procedure.

On March 24, 1997, Schuster requested a review of her claim for disability benefits. On June 9, 1997, Champion's Benefits Services Coordinator notified Schuster that her March 24, 1997, letter was considered an initial claim for temporary disability benefits under section 503 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., and that her claim would be deemed denied if no action was taken on the claim within 90 days from March 24. The notification also advised Schuster of her right to request a review if her claim was denied. Schuster has not subsequently exhausted the claims review procedure under the plan, and a final determination of her eligibility for temporary disability has not been made under plan procedure.

On April 18, 1997, Schuster submitted to Fields a request for leave under Champion's "Family Medical Leave" policy. On April 22, 1997, Fields denied this request because Schuster did not meet the policy's eligibility requirements. The policy requires that an employee has worked 1250 hours during the 12 months immediately preceding the leave in order to be eligible for coverage. Schuster also requested continued coverage under Champion's "Comprehensive Medical Plan". Champion has treated these requests as a claim for benefits under the medical benefits

plan, and has denied the claim because Schuster does not qualify under the plan's definition of a "covered employee."

The documents for both the "Temporary Disability Benefits Plan" and the "Comprehensive Medical Plan for Hourly Employees" provide that the plans will be administered by the Pension and Employee Benefits Committee ("PEBC"), and authorize the PEBC to delegate all of its authority under the plans to "the Plan Supervisor, and [ ]agents, representatives or subcommittees." The PEBC has delegated authority for deciding claims for benefits to the Plan Supervisor, the Vice President of Benefits, and the claims review committee. The PEBC, and its delegates, are vested with sole authority to decide all questions relating to employee eligibility for participation and to administer the plans' claims procedures.

Schuster also claims entitlement to vacation pay and holiday pay. Schuster was paid for her unused 1996 vacation time when she quit her employment on January 31, 1996, but Champion denies her eligibility for 1997 vacation pay under the terms of the Labor Agreement, claiming that she has not performed the required 1040 hours of actual work in 1996. Champion similarly denies Schuster's entitlement to holiday pay. On August 18, 1997, the Union filed a grievance on behalf of Schuster seeking vacation pay and holiday pay. Champion has not yet responded to this grievance.

### ANALYSIS

■ Plaintiffs have moved to remand this case to the arbitrator to seek clarification of the term "reinstated" in the arbitrator's decision. Defendant argues that a remand is not necessary because the question of Schuster's eligibility for the benefits at issue does not turn on the meaning of "reinstatement," but on whether Schuster has met the eligibility requirements under the benefit plans and policies involved. The Court concludes that the language of the arbitrator's award is clear. While there are occasions where a federal court in which enforcement is sought may remand to the original arbitrator for clarification, this is not such an occasion. Defendant concedes that, pursuant to the

arbitrator's decision, Schuster is in its employ. Defendant's contention is merely that, as an employee, she does not meet the applicable benefits plans' definitions of a "covered employee" eligible for temporary disability benefits and medical coverage. The case does not turn on conflicting interpretations of the arbitrator's decision, and is thus amenable to resolution on the parties' cross-motions for summary judgment. Plaintiffs' Motion to Remand to Arbitrator must therefore be denied.

Summary judgment is appropriate where there exists no genuine issue of material fact. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The facts and all reasonable inferences drawn from them must be construed in favor of the non-moving party. *Anderson*, 477 U.S. at 255. The material facts in this matter are undisputed. The Court will consider each party's motion for summary judgment.

■ It is undisputed that Champion did not challenge the arbitration award within the requisite time period, and that the award is therefore final and not subject to modification. Similarly, Champion does not argue that the arbitrator exceeded his authority under the CBA with his award. Champion is contending, however, that compliance with the arbitrator's award by reinstating Schuster is not tantamount to qualifying her for receipt of all benefits under its temporary disability and comprehensive medical care plans. Defendant is thus not asking this Court to "redo arbitral decisions," *Remmey v. PaineWebber*, 32 F.3d 143, 146 (4th Cir.), *cert. denied*, 513 U.S. 1112, 115 S.Ct. 903, 130 L.Ed.2d 786 (1995), a course of action which would not comport with the federal courts' encouragement of the use of arbitration as an alternative to formal litigation, *see Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 226, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987).

Defendant has complied fully with the arbitrator's award. Champion has offered Schuster her previous job, without condition, and has recognized Schuster as an employee. Indeed, Defendant has processed Schuster's claims for benefits under the disability and medical benefits plans; such treatment would not be accorded a non-employee. Champion also does not yet owe Schuster any backpay, as the arbitrator's award clearly states that "the grievant shall not become eligible to receive the payment of such back pay until she has completed one full year of active employment following her re-instatement." Award, p. 10.

The arbitrator's award does not include any determinations regarding Schuster's entitlement to future benefits. Plaintiffs are not seeking restoration of benefits lost during the period following her resignation and prior to her reinstatement.[1] Rather, the benefits demanded by Plaintiffs in this suit all would have accrued subsequent to the arbitrator's award, once Schuster returned to work. Such claims are simply not within the scope of the arbitrator's decision.

■ Schuster's claims for benefits under Champion's disability and medical benefits plans are subject to the plans' claims procedures, as covered by ERISA. Once Schuster has exhausted her claims through the plans, she may resort to court action as specified by section 502 of ERISA. This requirement does not frustrate the results of binding arbitration as required by a collective bargaining agreement, *see CSX Transportation v. United Transportation Union*, 86 F.3d 346 (4th Cir.1996); satisfaction of the eligibility requirements of the benefits plans does not follow automatically from Schuster's reinstatement to her previous job.

■ The temporary disability and medical benefits plans provide claims review procedures as required by ERISA. "An ERISA claimant generally is required to exhaust administrative remedies provided in his or her employee benefit plan before commencing an ERISA action in federal court." *Hickey v.*

*Digital Equipment Corp.*, 43 F.3d 941, 945 (4th Cir.1995). Because Schuster has not exhausted her remedies under the claims review procedures provided by the disability and medical benefits plans, and because the benefits requested do not fall within the scope of the arbitrator's award, this Court cannot entertain these claims in this action.

■ By the same measure, Schuster's demands that Champion must provide her back pay, holiday pay, and vacation pay for 1997, are not cognizable by the Court. Schuster must first exhaust her remedies under the grievance and arbitration provisions of the Labor Agreement. Again, these demands are not within the purview of the arbitrator's decision awarding Schuster reinstatement and making her "whole for all benefits lost." These disputes are within the terms of the CBA and, as such, must be exhausted through grievance and arbitration filings before a suit can be filed pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. It is undisputed that Plaintiffs have not exhausted Schuster's claims for vacation, holiday pay, and leave through the grievance and arbitration procedures provided in the Labor Agreement.

### CONCLUSION

For the reasons discussed above, this Court holds that Champion has satisfied its obligation under the arbitration award. Also, Plaintiffs' claims under the employee benefit plans have not been properly exhausted. Plaintiffs' Motion to Remand is DENIED, Plaintiffs' complaint must be dismissed, and summary judgment GRANTED in favor of Defendant.

SO ORDERED.

---

1. Indeed, Champion paid Schuster for her accrued but unused 1996 vacation time when she quit in January 1996.